IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA C. HAYSLETT, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:21-CV-1470-G-BH |
| | § | |
| METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Defendants' Rule 12(b)(6) Motion to Dismiss and Brief in Support*, filed November 22, 2021 (doc. 11), should be **GRANTED**. The plaintiff's motion for leave to amend included in her response, filed on January 17, 2022 (doc. 16), is **GRANTED**, and her motion for discovery, also in her response, is **DENIED**.

### I.   BACKGROUND

Patricia C. Hayslett (Plaintiff) sues her former employer, Verizon Communications Inc., (Employer), the claims administrator of its employee benefit plan, Metropolitan Life Insurance Company (Administrator), and the parent company of Administrator, Met Life, Inc. (Parent), asserting claims of fraud and racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, based on the termination of her long-term disability (LTD) benefits.  (doc. 3 at 2-3, 14-21.)[2]

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Around 1997, Plaintiff purchased an LTD policy through General Telephone and Electronics Corporation, Employer's "predecessor". (*Id.* at 6-7.) After she had a pulmonary embolism in 2006, she was diagnosed with deep vein thrombosis chronic venous insufficiency, fibromyalgia, varicose veins with complications, hiatal hernia, and antiphospholipid syndrome and underwent nine surgeries. (*Id.* at 7.) Her conditions worsened between 2006 and 2014, necessitating multiple surgeries and time off from work. (*Id.*) Plaintiff was granted short-term disability in December 2014, and after her condition continued to worsen, she was granted LTD in June 2015. (*Id.* at 7-8.) From 2015 to 2016, her medical providers provided periodic and timely medical reports to Administrator advising that she continued to be disabled. (*Id.* at 8.)

On June 22, 2016, Administrator sent Plaintiff a letter advising her that it was terminating her benefits effective that date because "the information available does not support a continued severity of impairment beyond June 22, 2016." (*Id.* at 8-9, 24-27.) The letter notified Plaintiff that she could either seek claim reconsideration by submitting new medical evidence or appeal the decision to terminate her benefits. (*Id.* at 27.) The letter also notified her that, if her appeal were denied, she had the right under the Employee Retirement Income Security Act of 1974 (ERISA) to bring a civil action, and that the benefits plan may limit the period of time in which she had to file it. (*Id.*) She appealed the termination decision in January 2017, and in June 2017, her LTD benefits were reinstated. (doc. 3 at 11, 28-84; doc. 16 at 6.)

On June 22, 2021, Plaintiff filed this *pro se* action, asserting a RICO claim against all three defendants and a fraud claim against only Administrator and Parent, based on the termination of

2

her benefits. (doc. 3 at 14-22.)[3] She alleges in general that Defendants engaged in a scheme to fraudulently deny disability insurance coverage to her and other purchasers of LTD insurance policies sold by Administrator. (*Id.* at 3.) She seeks millions of dollars in damages and attorney's fees. (*Id.* at 21-22.)

## II.  MOTION TO DISMISS

Administrator and Employer (Defendants) move to dismiss Plaintiff's claims against them under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (doc. 11.)

### A. <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[3] Plaintiff has not filed a valid return of service on Parent, and it has not appeared in this action.

(2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to

4

the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or in response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008) (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Documents falling in these three categories may therefore be properly considered without converting the motion to dismiss into a motion for summary judgment. *Ogbogu v. Navin*, No. 3:18-CV-1912-K-BH, 2019 WL 4307011, at *5-6 (N.D. Tex. Aug. 16, 2019), *rep. and rec. adopted nom.*, *Ogbogu v. Acting Sec'y of Labor*, No. 3:18-CV-1912-K, 2019 WL 4303102 (N.D. Tex. Sept. 11, 2019).

Here, Plaintiff attached to her complaint copies of the benefits termination letter and what appear to be excerpts from her administrative appeal. (doc. 3 at 1-85.) These attached documents are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Plaintiff's response, which makes new allegations concerning the statute of limitations and equitable tolling, is liberally construed as a motion to amend her complaint[4] and granted. Plaintiff's response is

---

[4] **Error! Main Document Only. Error! Main Document Only.** Because Plaintiff is proceeding *pro se*, her pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477

5

therefore also considered part of the pleadings. Finally, Defendants submitted Employer's LTD plan description in an appendix to their motion. (doc. 12 at 88-118.)[5] Because it was referred to in the complaint and is central to Plaintiff's general theory of the case, it may also be considered part of the pleadings. *See Collins*, 224 F.3d at 498-99. Conversion of the motion to dismiss into a summary judgment motion is therefore unnecessary. *See Katrina Canal Beaches*, 495 F.3d at 205.[6]

## B. **Statute of Limitations**

Defendants first move to dismiss Plaintiff's fraud and RICO claims as barred by the applicable statute of limitations. (doc. 11 at 15-16.)

---

(5th Cir. 2012). As a general rule, claims and allegations that were not raised in the complaint, but were raised for the first time in a response to a dispositive motion, are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North Am.*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990); *see also Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which the plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010).

[5] The Local Civil Rules for the Northern District of Texas (Local Rules) requires that materials to support or oppose a motion be included in an appendix rather than attached to the motion. N.D. Tex. L.R. 7.1(i)(1).

[6] Without seeking leave of court, Defendants filed an appendix with their reply that includes Administrator's benefits re-instatement letter and excerpts of a spreadsheet allegedly documenting when it notified Plaintiff's counsel of its decision to re-instate her LTD benefits. (*See* doc. 21 at 3-5.) The Local Rules do not permit the filing of evidence in support of a reply. *See* L.R. 7.1(f) (permitting the filing of a reply brief). A movant is not ordinarily permitted to introduce new evidence in support of a reply because the non-movant is deprived of a meaningful opportunity to respond. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-240 (N.D. Tex. 1991) ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them."). The evidence in the reply brief is therefore not considered.

Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[ ] on the face of the complaint." *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (citations omitted); *see Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (holding dismissal under Rule 12(b)(6) is proper if a successful affirmative defense appears "based on the facts pleaded and judicially noticed"); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."). Here, the complaint specifically alleges that Administrator knowingly made false statements in furtherance of the racketeering enterprise in the June 22, 2016 letter. (*See* doc. 3 at 9-10.)

"The statute of limitations is four years for both Texas fraud claims and civil RICO claims." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing Tex. Civ. Prac. & Rem. Code § 16.004(a)(4), 18 U.S.C. §§ 1962(c)-(d), 1964(c), and *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 152 (1987)). For a RICO claim, the statute of limitations accrues when "a plaintiff discovers, or through reasonably diligent investigation should discovery, the injury." *Id.* (citing *Rotella v. Wood*, 147 F.3d 438, 440 (5th Cir. 1998), *aff'd*, 528 U.S. 549 (2000) and *Jensen v. Snellings*, 841 F.2d 600, 607 (5th Cir. 1998)). "[K]nowledge of the injury alone suffices for the claim to accrue." *Id.* at n. 4 (citing *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 773 (5th Cir. 2000) (citing *Rotella*, 147 F.3d at 440)). Similarly, under the Texas discovery rule, the limitations period for a fraud claim begins to "'run from the date the plaintiff [(1)] discovers or should have discovered, in the exercise of reasonable care and diligence,

7

the nature of the injury,' or (2) 'had knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action.'" *Id.* (citing *Hoover v. Gregory*, 835 S.W.3d 668, 671 (Tex. App.—Dallas June 3, 1992, writ denied) and *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 209 (Tex. 2011) ("Knowledge of injury initiates the accrual of the cause of action and triggers the putative claimant's duty to exercise reasonable diligence to investigate the problem, even if the claimant does not know the specific cause of the injury or the full extent of it.")).

As noted, Plaintiff asserts fraud and RICO claims against Defendants based on the termination of her LTD benefits on June 22, 2016. (doc. 3 at 2, 6, 8.) She alleges they "notified" her of the termination of her benefits in a letter dated June 22, 2016, the same date that the termination was effective. (*Id.* at 8.) Her complaint does not allege when she received the termination letter or learned of the termination of her benefits, but it does allege that she appealed the termination decision in January 2017, and that her LTD benefits were reinstated in June 2017. (doc. 3 at 11, 28-84; doc. 16 at 6.) Plaintiff claims that the limitations period should not have begun until "sometime after June 22, 2017", when the termination was reversed. (doc. 16 at 25.)

In the Fifth Circuit, Plaintiff's fraud and RICO claims accrued when she discovered her injury. *See Petrobras Am., Inc.*, 9 F.4th at 253. Taking every inference in her favor, as required at this stage of the proceedings, she had discovered her injury at the very latest when she appealed the termination of her benefits in January 2017. Because she filed this action more than four years later, on June 22, 2021, her fraud and RICO claims are untimely in the absence of equitable tolling. *See Boulmay v. Rampart 920*, Inc., 124 F. App'x 889, 891 (5th Cir. 2005) (applying the discovery rule to affirm the district court's finding that plaintiff's RICO claim was untimely because he was

aware of his RICO injury more than four years before he filed suit); *Simmons v. Methodist Hosps. of Dallas*, No. 3:14-CV-2958-B, 106 F. Supp. 3d 799, 807 (N.D. Tex.), *aff'd*, 632 F. App'x 784 (5th Cir. 2015) (finding plaintiff's common law claims, including fraud, were time-barred, absent equitable tolling, because he brought the action after the limitations ran).

### C. Equitable Tolling

Plaintiff responds that because she was required "by law and judicial practice to exhaust her administrative remedies" before filing suit, the limitations period was tolled under the doctrine of equitable tolling and did not begin to run until after she exhausted her administrative remedies "sometime after June 22, 2017". (doc. 16 at 5, 8-10.)

"'The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable.'" *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (quoting *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). Under both federal and Texas law, equitable tolling requires, at a minimum, that a claimant show she pursued her rights. *See Roe v. Johnson Cnty., Texas*, No. 3:18-CV-2497-B-BN, 2020 WL 6576784, at *5 (N.D. Tex. July 31, 2020), *report and recommendation adopted in part*, No. 3:18-CV-2497-B-BN, 2020 WL 5542333 (N.D. Tex. Sept. 15, 2020), *order vacated in part on reconsideration*, No. 3:18-CV-2497-B, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021) (citing *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas February 1, 2005) ("Equitable tolling applies in situations where a claimant actively pursued h[er] judicial remedies but filed a defective pleading during the statutory period, or where [she] was induced or tricked by h[er] adversary's misconduct into allowing filing deadlines to pass." (citations omitted)); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) ("[A] litigant is entitled to equitable tolling of a statute of limitations only if

[she] establishes two elements: '(1) that he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing.'" (citation omitted))). The plaintiff has the burden to justify a claim for equitable tolling. *See Farmer v. D & O Contractors, Inc.*, 640 F. App'x 302, 305 (5th Cir. 2016) (citation omitted).

As Plaintiff notes, "[c]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *McGowin v. Manpower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (quoting *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000)); *see also Tex. Gen. Hosp., LP v. United Healthcare Servs., Inc.*, No. 3:15-CV-02096-M, 2016 WL 3541828, at *5 (N.D. Tex. June 28, 2016) (same) (citing *Coop Benefits Admin'rs, Inc. v. Odgen*, 367 F.3d 323, 336 (5th Cir. 2004)). She specifically states that she "does not seek remedies pursuant [to] ERISA" because the "ERISA aspect of this matter has been resolved," however. (doc. 16 at 26.) She has not identified any ERISA exhaustion requirements that apply to her fraud and RICO claims.

Moreover, Plaintiff did not allege that she pursued her rights actively or diligently. (*See* docs. 3, 16.) She does not explain why, despite having discovered her injury at the latest in January 2017, she waited more than four years later to file suit. *See Martin v. Grehn*, 546 F. App'x 415, 420 (5th Cir. 2013) (affirming the district court's finding that equitable tolling did not apply to plaintiff's claim because, after discovering his injury, he failed to timely file his action within the limitations period). She does not allege that she timely filed a defective pleading, that Defendants intentionally concealed facts that would support her claim, or that she was misled about her rights. *See Dupree v. United States*, 495 F. App'x 422, 425 (5th Cir. 2012) (citation omitted). Because Plaintiff "has not provided any arguments or cited to any case law that would support equitable

10

tolling", she has failed to meet her burden to show that she is entitled to it. *See Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 337 (5th Cir. 2014).

Because Plaintiff filed this action after the limitations period expired and failed to allege any basis to show that she is entitled to equitable tolling, her fraud and RICO claims should be dismissed as time-barred.[7]

### III. REMAINING DEFENDANT

Plaintiff also alleges fraud and RICO claims against Parent, who does not appear to have been served. (*See* doc. 3 at 15; doc. 9.)

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair"; this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case," which includes "(1) repeatedly declar[ing] the adequacy of that complaint in ... response to [the] defendant's motion to dismiss and (2) refus[ing] to file a supplemental complaint even in the face of a motion to dismiss." *See id.* at 498 n.1 (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object to it satisfies this requirement. *See Alexander*

---

[7] Defendants also argue that Plaintiff's RICO and fraud claims should be dismissed for failure to state a claim, and that her fraud claim should be dismissed because it is preempted by ERISA. (doc. 11 at 17-30.) Because of the recommended dismissal based on limitations, their alternate arguments are not reached.

*v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Here, Plaintiff's claims against Parent are time-barred for the same reasons as her claims against Defendants, so her claims against it should also be dismissed with prejudice, *sua sponte*. *See Woodards v. Credit Karma, LLC, et al.*, No. 3:21-CV-1950-B-BH, 2022 WL 527868, at *2-3 (N.D. Tex. Jan. 24, 2022) (citing *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 946 (S.D. Tex. Jan. 8, 2004) (dismissing complaint as to remaining unserved defendants for failure to state a claim); *Hix v. Bosque County, Texas*, No. A-15-CV-1009-LY, 2016 WL 3688439, at *8 (W.D. Tex. July 6, 2016) (recommending dismissal of all claims against remaining unserved defendants based on moving defendant's motion)), *recommendation adopted*, 2022 WL 524780 (N.D. Tex. Feb. 22, 2022).

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). "'Generally[,] a district court errs in dismissing a *pro se* complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. Am. Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court

order.[8] *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting the passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference [s]he is due." *Sims*, 2001 WL 627600, at *2-3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, an opportunity to amend is not warranted because Plaintiff's fraud and RICO claims are time-barred. Her response to the motion to dismiss has been liberally construed as a motion for leave to amend and granted, but she has still alleged no facts justifying equitable tolling. Because she appears to have alleged her best case, no further opportunity to amend is warranted.

## V.   RECOMMENDATION

Defendants' motion to dismiss under Rule 12(b)(6) should be **GRANTED**, and Plaintiff's

---

[8] A *pro se* plaintiff may also obtain leave to amend her complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.

13

claims against them should be **DISMISSED with prejudice**. The claims against Parent should be *sua sponte* **DISMISSED with prejudice**. Plaintiff's motion for leave to amend is **GRANTED**, and her motion for discovery is **DENIED**.

  **SO RECOMMENDED** on this 5th day of July, 2022.

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```